**EXHIBIT F**

**PROPOSED FORM OF ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------x
In re                         :   Chapter 11
                              :
WERNER HOLDING CO. (DE), INC., et al.,  :  Case No. 06-10578 (KJC)
                              :
             Debtors.         :   Jointly Administered
                              :
------------------------------x   Ref. Docket No. _____
```

**ORDER (A) APPROVING BIDDING PROCEDURES AND BIDDING PROTECTIONS IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) ESTABLISHING PROCEDURES TO DETERMINE CURE AMOUNTS AND DEADLINES FOR OBJECTIONS FOR CERTAIN CONTRACTS AND LEASES THAT MAY BE ASSUMED AND ASSIGNED BY THE DEBTORS; AND (C) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion") of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for an order, pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), as well as Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) approving bidding procedures in connection with the sale of substantially all of the Debtors' assets, including a break-up fee and expense reimbursement; (ii) establishing procedures to determine cure amounts and deadlines for objections for certain contracts and leases to be assumed and assigned by the Debtors; and (iii) granting related relief; and after due deliberation and sufficient cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT:**

A.    The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. The relief requested in the Motion is a core

proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.   Due and proper notice of the Motion was provided as set forth in the Motion, and no other or further notice need be provided.

C.   The Bidding Procedures[1] and the Cure Procedures, substantially in the form annexed to the Motion as Exhibit A and as described herein, respectively, are fair, reasonable and appropriate and are designed to maximize the value of the Debtors' estates.

D.   The Debtors have demonstrated a compelling and sound business justification for authorizing the payment of the Break-up Fee and the Expense Reimbursement under the circumstances, timing and procedures set forth in the Motion.

E.   The Break-up Fee and the Expense Reimbursement, if authorized pursuant to the terms of the Stalking Horse Purchase Agreement and on conditions as described in the Motion, are fair and reasonable and provide a benefit to the Debtors' estates and parties in interest in these cases.

F.   The Debtors' payment to the Stalking Horse Bidder of the Break-up Fee and Expense Reimbursement is (a) an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of section 503(b) of the Bankruptcy Code, (b) of substantial benefit to the Debtors' estates, and (c) reasonable and appropriate, in light of, among other things, (i) the size and nature of the proposed sale, (ii) the substantial efforts that will have been expended by the Stalking Horse Bidder, and (iii) the benefits the Stalking Horse Bidder will have provided to the Debtors' estates and creditors and all parties in interest herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

G. The entry of this Order is in the best interests of the Debtors and their estates, creditors and interest holders and all other parties in interest herein; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted.

2. All objections and reservations of rights, if any, filed in response to the Motion are hereby overruled.

### Auction and Bidding Procedures

3. The Debtors are authorized (i) to conduct the Auction on May 1, 2007 at 10:00 a.m. (prevailing Eastern time) at the offices of Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019 (or such other time and place as designated by the Debtors on notice to the Notice Parties), and (ii) subject to the terms of this Order, to take all actions necessary, in the discretion of the Debtors, to conduct and implement such Auction.

4. The Debtors may (i) select, in their business judgment, the highest or otherwise best offer(s), and the Successful Bidder or Bidders, and (ii) reject any bid that, in the Debtors' business judgment, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules or the Bidding Procedures, or (c) contrary to the best interests of the Debtors and their estates, creditors, interest holders or parties in interest.

5. The failure specifically to include or reference any particular provision, section or article of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such procedure, it being the intent of the Court that the Bidding Procedures be authorized and approved in their entirety.

## The Bidding Protections

6. The Bidding Procedures annexed to the Motion as Exhibit A are hereby incorporated herein and approved.

7. If the Debtors determine to proceed with a Sale Transaction that includes the payment of a Break-up Fee and/or Expense Reimbursement, the Debtors shall (i) provide a confidential written Notice of Proposed Grant of Break-up Fee (a "Break-up Fee Notice") by e-mail, facsimile or overnight courier to counsel to the Committee, advising the Committee of (a) the name of the Successful Bidder, (b) the Debtors' estimated range of aggregate consideration offered by such bidder and the form thereof, (c) the proposed Break-up Fee and/or Expense Reimbursement to be provided, and (d) any material conditions to the proposed transaction (the "Break-up Fee Disclosure").

8. The Committee shall be obligated to maintain the confidentiality of the Break-up Fee Notice, the Break-up Fee Disclosure and the contents thereof and shall not disclose or discuss the Break-up Fee Notice, the Break-up Fee Disclosure or the contents thereof with any person or entity that did not receive a copy of the Break-up Fee Notice pursuant to this Order.

9. If the Committee objects to the grant of the Break-up Fee as disclosed in the Break-up Fee Disclosure, the Committee shall have one business day to provide counsel to the Debtors with written notice by facsimile and e-mail transmission of any such objection (the "Break-up Fee Objection"). Any Break-up Fee Objection shall remain confidential and be served on and made available only to the parties that receive the Break-up Fee Notice. On request of the Debtors, this Court shall schedule and hold an emergency, expedited hearing to consider any Break-up Fee Objection (which hearing may be conducted in person or telephonically) as soon as the Court can hear the parties (the "Follow-up Break-up Fee Hearing"). At any Follow-up Break-

up Fee Hearing, this Court shall consider only whether the grant of the proposed Break-up Fee as disclosed in the Break-up Fee Disclosure should be approved.

10. Pursuant to sections 105, 363, 503 and 507 of the Bankruptcy Code, the Debtors are authorized to pay an amount equal up to the Break-Up Fee and Expense Reimbursement to the Stalking Horse Bidder pursuant to the terms and conditions set forth in the Stalking Horse Purchase Agreement.

11. If the Debtors are required pursuant to the terms of the Stalking Horse Purchase Agreement to pay the Break-up Fee or Expense Reimbursement, the Debtors are authorized and empowered to pay such amounts, which shall be deemed to be an administrative expense pursuant to section 503(b) of the Bankruptcy Code, without further order of the Court.

12. The Break-up Fee and the Expense Reimbursement shall be the sole remedy of the Stalking Horse Bidder if the Stalking Horse Purchase Agreement is terminated under circumstances where the Break-up Fee is payable. The Stalking Horse Bidder shall have no other remedy against the Debtors or the Debtors' boards of directors or their respective advisors.

**The Cure Procedures**

13. The Cure Procedures are approved.

14. No later than April 13, 2007, the Debtors shall prepare and distribute to non-Debtor parties to Anticipated Subject Contracts not assumed by the Debtors previously a notice (a "<u>Contract Notice</u>"), substantially in the form annexed to the Motion as Exhibit D, listing (i) the Anticipated Subject Contract(s), and (ii) the Cure Amount(s), if any. A notice of assignment, substantially in the form annexed to the Motion as Exhibit C (the "<u>Notice of Assignment</u>") shall be sent to non-Debtor parties to nonresidential real property leases assumed by the Debtors previously. If the Stalking Horse Bidder is not the Successful Bidder at the

6

Auction, no later than two (2) business days after the Auction, the Debtors shall send a subsequent Contract Notice (a "Subsequent Contract Notice"), substantially in the form annexed to the Motion as Exhibit E, to all non-Debtor parties to executory contracts or unexpired leases to be assigned to the Successful Bidder (the "Subject Contracts") that were not Anticipated Subject Contracts.

15. The non-Debtor parties to the Anticipated Subject Contracts shall have until April 27, 2007 (the "Contract Objection Deadline"), which deadline may be extended in the sole discretion of the Debtors, to object (a "Contract Objection") to (i) the Cure Amounts listed by the Debtors and to propose alternative cure amounts, and/or (ii) the proposed assumption and assignment of the Anticipated Subject Contracts in connection with the Sale Transaction; provided, however, if the Stalking Horse Bidder is not the Successful Bidder at the Auction, and the Debtors send the Contract Notice or Notice of Assignment, as applicable, to a non-Debtor party to a Subject Contract that was not an Anticipated Subject Contract, or if the Debtors otherwise amend the Contract Notice to add a contract or lease or to reduce the Cure Amount thereof, except where such reduction was upon mutual agreement of the parties, the non-Debtor parties thereto shall have an additional ten (10) days after service of such notice or amendment to object thereto or to propose alternative an Cure Amount (the "Amended Contract Objection Deadline").

16. Any party objecting to the Cure Amounts, whether or not such party previously has filed a proof of claim with respect to amounts due under the applicable agreement, or objecting to the potential assumption and assignment of such Anticipated Subject Contract(s) or Subject Contract(s), shall be required to file and serve a Contract Objection, in writing, setting forth with specificity any and all cure obligations that the objecting party asserts must be cured or

satisfied in respect of the Anticipated Subject Contract(s) or the Subject Contract(s), as applicable, and/or any and all objections to the potential assumption and assignment of such agreements, together with all documentation supporting such cure claim or objection, upon:

(i) Werner Holdings Co. (DE), Inc., 93 Werner Road, Greenville, PA 16125-9434 (Attn: James Loughlin, Chief Executive Officer);

(ii) Willkie Farr & Gallagher LLP, 787 7th Avenue, New York, NY 10019-6099 (Attn: Matthew A. Feldman and Morris J. Massel) and Young, Conaway, Stargatt & Taylor, The Brandywine Bldg., 1000 West Street, 17th Floor, PO Box 391, Wilmington, DE 19899-0391 (Attn: Joel A. Waite), counsel to the Debtors;

(iii) Simpson, Thacher & Bartlett, LLP, 425 Lexington Ave., New York, NY 10017-3945 (Attn: Steven M. Fuhrman) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark Collins), counsel to JPMorgan Chase Bank, NA, 1st Lien Administrative Agent;

(iv) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Dr., Chicago, IL 60606 (Attn: Timothy R. Pohl), counsel to DIP Lenders and Black Diamond Capital Management, L.L.C.;

(v) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: George A. Davis and Ted S. Waksman), counsel to Brencourt Advisors, LLC;

(vi) Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, Los Angeles, CA 90017-5735 (Attn: Robert Jay Moore and Neil J. Wertlieb), counsel to Ad Hoc Committee of Holders of 2nd Lien Claims and 2nd Lien Agent under the $100,000,000 Senior Secured Credit Facility;

(vii) Greenberg Traurig, LLP, 77 West Wacker Drive, Ste. 2500, Chicago, IL 60601 (Attn: Nancy A. Mitchell and David W. Baddley) and Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Ste. 1200, Wilmington, DE 19801 (Attn: Victoria W. Counihan), counsel to Official Committee of Unsecured Creditors; and

(viii) Rothschild Inc., 1251 Avenue of the Americas, 51st Floor, New York, NY 10020 (Attn: Neil A. Augustine), financial advisor to the Debtors,

so that the Contract Objection is received no later than 4:00 p.m. on the Contract Objection Deadline or the Amended Contract Objection Deadline, as applicable. If a Contract Objection is timely filed, the Bankruptcy Court shall hold a hearing to determine the amount of any disputed cure amount or objection to assumption and assignment not settled by the parties.

17. The Debtors may, in their sole discretion, extend a party's Contract Objection Deadline or Amended Contract Objection Deadline once or successively without further notice, but are not obligated to do so.

18. In the event that no Contract Objection is timely filed, the applicable party shall be deemed to have consented to the Cure Amount proposed by the Debtors and shall be forever enjoined and barred from seeking any additional amount on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates or the Successful Bidders on account of the assumption and assignment of such executory contract or unexpired lease and deemed to have consented to the proposed assignment and assumption. In addition, if no timely Contract Objection is filed, the Successful Bidder shall enjoy all of the rights and benefits under each Assumed Contract and Lease, without the necessity of obtaining any party's written consent to the Debtors' assumption and assignment of such rights and benefits, and each such party shall be deemed to have waived any right to object to, consent to, condition or otherwise restrict any such assumption and assignment.

19. Nothing in this Order shall be deemed to constitute a waiver of, determine or prejudice any rights or arguments that are the subject of a timely filed Contract Objection.

## Additional Provisions

20. The Debtors are authorized and empowered to take such steps, expend such sums of money and do such other things as may be necessary to implement and effect the terms and requirements established under this Order.

21. This Order shall be binding upon and inure to the benefit of the Successful Bidder or Bidders and their affiliates, successors and assigns, and the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors, whether in these cases or subsequent bankruptcy cases or upon dismissal of any of these cases.

22. As provided by Bankruptcy Rule 6004(h), this Order shall not be stayed for ten (10) days after the entry thereof and shall be effective and enforceable immediately upon its entry on this Court's docket.

23. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Break-up Fee, the Expense Reimbursement, the Bidding Procedures and the implementation of this Order.

24. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: Wilmington, Delaware
      March ___, 2007

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

DB02:5789007.1                                                                                                   065391.1001