IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WERNER HOLDING CO, (DE.), INC. et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 06-10578 (KJC)<br><br>(Jointly Administered) |

### ORDER GRANTING MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CONVERT DEBTORS' CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

Upon the motion (the "**Motion**")[1] of the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an Order converting the Debtors' Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code; and the Court finding that there is cause to grant the relief requested in the Motion; and the Court finding that granting the relief requested in the Motion is necessary and in the best interests of the Debtors' estates and their creditors; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Chapter 11 cases of the Debtors are hereby converted to cases under Chapter 7 of the Bankruptcy Code.

3. The Stipulation shall remain binding upon all of the parties thereto and on any chapter 7 trustee appointed in these cases, and the Section 507(b) Claim shall be and remain an

---

[1] All capitalized terms not otherwise defined herein shall have the meanings given them in the Motion.

allowed super-priority claim under Section 507(b) of the Bankruptcy Code, notwithstanding the conversion of these cases to Chapter 7. All rights and protections provided to the Debtors' estates, the Committee, LLCP and the general unsecured creditors under the Stipulation, Sale Order or otherwise, including, without limitation, the right of the general unsecured creditors to share in recoveries from the Section 507(b) Claim as set forth in the Stipulation, the obligation of LLCP to provide the LLCP Funding, LLCP's right to appoint the Litigation Designee (as defined in the Stipulation) to pursue certain causes of action, and the Buyer's obligation to pay up to $750,000 in wind-down expenses of the estates, remain fully binding and enforceable notwithstanding the conversion of these cases to Chapter 7.

4. Upon the conversion of these cases, all property and assets of the Debtors' estates, including, without limitation, causes of action existing as of the date of this order (such causes of action, the **"Causes of Action"**), shall immediately vest in and be owned and held by the Chapter 7 estates of the Debtors (the **"Estates"**), and, in accordance with the Stipulation, the Litigation Designee (as defined in the Stipulation) shall have the sole authority and discretion, on behalf of the Estates, to (i) evaluate and determine strategy with respect to the Causes of Action, and (ii) litigate, settle, transfer, release or abandon any and all Causes of Action on behalf of the Estates and on any terms as it may determine in good faith based on the best interests of the creditors of the Estates. In addition, upon conversion of these cases, the Litigation Designee (as defined in the Stipulation) shall have all other rights, powers, duties and obligations of the Litigation Designee, as set forth in the Stipulation. The LLCP Funding (defined in the Stipulation as the Trust Funding) to the Estates, which was due upon the confirmation of the Plan or appointment of the Trustee, shall instead be due on the date a permanent chapter 7 trustee is appointed, and such funding that was due on an anniversary of the effective date of the Plan shall

instead be due on such anniversary of the appointment of such permanent chapter 7 trustee, and any such funding shall be used by the chapter 7 trustee for administering the Estates' assets other than the Causes of Action, including the payment of expenses of the Estates incurred after the conversion date.

5. Upon conversion of these cases, the Stipulation shall be interpreted in such a way so as to carry out the intention of the parties thereto to preserve and maximize the value of the Debtors' estates and the distributions to creditors of the estates. Without limiting the foregoing, the Stipulation shall be interpreted and enforced in these cases such that (i) the chapter 7 trustee shall have all rights, powers, duties and obligations of the Trustee (as defined in the Stipulation), (ii) all references in the Stipulation to the "Trust" shall apply to the Estates, and (iii) all references in the Stipulation to the "Trust Assets" shall apply to the property and assets of the Estates.

6. The Office of the United States Trustee is authorized and directed to take any and all such actions as may be necessary and appropriate to implement the terms of this Order.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August ___, 2007

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE