# EXHIBIT E

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| **OLD LADDER CO. (DE), INC,** (f/k/a WERNER HOLDING CO. (DE), INC., *et al,.* | Case No. 06-10578 (KJC) |
| **Debtors.** | Jointly Administered |

## CERTIFICATION OF COUNSEL REGARDING STIPULATION AND ORDER RESOLVING CERTAIN OBJECTIONS, CLAIMS OR CAUSES OF ACTION AGAINST AND BY ROTHSCHILD INC.

The undersigned hereby certifies and states as follows:

1.      Rothschild Inc. ("Rothschild") was retained in the above-captioned chapter 11 cases (the "Chapter 11 Cases") as financial advisors and investment bankers to the debtors (the "Debtors")[1] in the Chapter 11 Cases pursuant to an Order entered by the Bankruptcy Court on August 11, 2006 (the "Rothschild Retention Order") (D.I. No. 320). The terms of Rothschild's engagement are set forth in an engagement letter (the "Engagement Letter") between Rothschild and Werner Holding Co. (PA), Inc. dated as of January 23, 2007, as modified by the Rothschild Retention Order.

2.      The Engagement Letter provides, among other things, for Rothschild to be compensated for services rendered, including through a Monthly Fee and certain other transaction-based fees. The Engagement Letter also provides for the reimbursement of certain expenses incurred by Rothschild, and for the indemnification of Rothschild against liabilities and

---

[1]      The Debtors in the Chapter 11 Cases are now known as Old Ladder Co. (PA), Inc.; Old Ladder Co. (DE), Inc.; Old Ladder Co.; and Old Ladder Technologies Inc.

other losses incurred in connection with Rothschild's engagement by the Debtors, as set forth in the Engagement Letter.

3.    On July 25, 2007, Levine Leichtman Capital Partners III, L.P. (together with Milk Street Investors, LLC, "LLCP") served Rothschild with a subpoena (the "Subpoena"). Rothschild filed its Motion for Protective Order and Subpoena Objections on August 16, 2007 (the "Motion for Protective Order") (D.I. No. 1708), pursuant to which it sought entry of an Order by the Bankruptcy Court quashing discovery sought by LLCP pursuant to the Subpoena.

4.    On August 14, 2007, Rothschild filed its Ninth Monthly Application of Rothschild Inc. for Compensation and Reimbursement of Expenses (the "Ninth Application"), D.I. No. 1697.

5.    On September 4, 2007, LLCP filed an objection to the Ninth Application, D.I. No. 1743.

6.    The Parties (defined below) subsequently have negotiated and agreed upon a global resolution, embodied in a stipulation (the "Stipulation") entered into as of October 9, 2007 between the Debtors, Rothschild, New Werner Holding Co., Inc. ("New Werner"), LLCP and the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases (together with the Debtors, New Werner, LLCP and Rothschild, the "Parties"), regarding any and all objections, claims or causes of action that have been or may be asserted in connection with the engagement of Rothschild by the Debtors, the work performed by Rothschild pursuant to that engagement, and the fees and expense reimbursements sought by Rothschild in its role as financial advisor and investment banker to the Debtors in the Chapter 11 Cases, and other matters described and resolved in the Stipulation.

7.    Attached hereto as Exhibit A is the proposed form of order (the "Order")

approving the Stipulation.  Counsel respectfully requests that the Court enter the Order at its

earliest convenience without further notice or hearing.

POTTER ANDERSON & CORROON LLP

By _____

David J. Baldwin (DE Bar No. 1010)
Gabriel R. MacConaill (DE Bar No. 4734)
Hercules Plaza
1313 North Market Street
Wilmington, Delaware 19801
Tel:  302-984-6000
Fax:  302-658-1192

-and-

Michael E. Wiles (MW-0962)
Steve Vaccaro (SV-4644)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone:  (212) 909-6000
Facsimile:  (212) 909-6836

*Attorneys for Rothschild Inc.*

Date:  October 19, 2007
826643

22580100v2

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **In re:** | ) | Chapter 11 |
|  | ) |  |
| **OLD LADDER CO. (DE), INC,** | ) | Case No. 06-10578 (KJC) |
| **(f/k/a WERNER HOLDING CO. (DE), INC.,** | ) |  |
| *et al,.* | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) |  |

**ORDER APPROVING THE STIPULATION RESOLVING CERTAIN OBJECTIONS,
CLAIMS OR CAUSES OF ACTION AGAINST AND BY ROTHSCHILD INC.**

Upon consideration of the Stipulation attached hereto as Exhibit 1 (the "Stipulation") resolving on a global basis any and all objections, claims or causes of action that have been or may be asserted by the parties thereto in connection with the engagement of Rothschild Inc. ("Rothschild") by the debtors (the "Debtors") in the above captioned chapter 11 cases (the "Chapter 11 Cases"), the work performed by Rothschild pursuant to that engagement, and the fees and expense reimbursements sought by Rothschild in its role as financial advisor and investment banker to the Debtors in the Chapter 11 Cases, and other matters described and resolved in the Stipulation; and it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties-in-interest; and after due deliberation and good and sufficient cause appearing therefor; it is hereby

ORDERED, that the Court approves the Stipulation.

Dated: _____          _____
                                             The Honorable Kevin J. Carey
                                             United States Bankruptcy Judge

22580100v2

# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **WERNER HOLDING CO. (DE), INC.** | ) | Case No. 06-10578 (KJC) |
| *et al.,* | ) | |
| Debtors. | ) | Jointly Administered |

## STIPULATION

This stipulation (the "Stipulation") entered into as of October 9, 2007 (the "Effective Date") is between the debtors (the "Debtors")[1] in the above-captioned chapter 11 cases (the "Chapter 11 Cases"); Rothschild Inc. ("Rothschild"); New Werner Holding Co., Inc. ("New Werner"); Milk Street Investors, LLC and Levine Leichtman Capital Partners III, L.P. (together, "LLCP"); and the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases (the "Committee" and, together with the Debtors, New Werner, LLCP and Rothschild, the "Parties").

A.    On June 12, 2006 (the "Petition Date"), each Debtor filed a voluntary petition for relief with the Bankruptcy Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases have been consolidated for procedural purposes.

B.    On June 23, 2006, the United States Trustee appointed an official committee of unsecured creditors, which was reconstituted on July 12, 2006 as the Committee. No trustee or examiner has been appointed in these cases.

---

[1]    The Debtors in the Chapter 11 Cases are now known as Old Ladder Co. (PA), Inc.; Old Ladder Co. (DE), Inc.; Old Ladder Co.; and Old Ladder Technologies Inc.

C.      Rothschild was retained in the Chapter 11 Cases as financial advisors and investment bankers to the Debtors pursuant to an Order entered by the Bankruptcy Court on August 11, 2006 (the "Rothschild Retention Order") (D.I. No. 320).  The terms of Rothschild's engagement are set forth in an engagement letter (the "Engagement Letter") between Rothschild and Werner Holding Co. (PA), Inc. dated as of January 23, 2007, as modified by the Rothschild Retention Order.[2]

D.      The Engagement Letter provides, among other things, for Rothschild to be compensated for services rendered, including through a Monthly Fee and certain other transaction-based fees.  The Engagement Letter also provides for the reimbursement of certain expenses incurred by Rothschild, and for the indemnification of Rothschild against liabilities and other losses incurred in connection with Rothschild's engagement by the Debtors, as set forth in the Engagement Letter.

E.      On July 25, 2007, LLCP served Rothschild with a subpoena (the "Subpoena").  Rothschild filed its Motion for Protective Order and Subpoena Objections on August 16, 2007 (the "Motion for Protective Order") (D.I. No. 1708), pursuant to which it sought entry of an Order by the Bankruptcy Court quashing discovery sought by LLCP pursuant to the Subpoena.

F.      On August 14, 2007, Rothschild filed its Ninth Monthly Application of Rothschild Inc. for Compensation and Reimbursement of Expenses (the "Ninth Application"), D.I. No. 1697.

---

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Engagement Letter.

2

G.    On September 4, 2007, LLCP filed an objection to the Ninth Application, D.I. No. 1743.

H.    The Parties subsequently have negotiated and agreed upon a global resolution regarding any and all objections, claims or causes of action that have been or may be asserted in connection with the engagement of Rothschild by the Debtors, the work performed by Rothschild pursuant to that engagement, and the fees and expense reimbursements sought by Rothschild in its role as financial advisor and investment banker to the Debtors in the Chapter 11 Cases, and other matters described and resolved herein.

IT IS, THEREFORE, STIPULATED AND AGREED, by and among the Parties, acting through their undersigned counsel, as follows:

1.    Each of the Parties agrees to withdraw its respective objections, if any, and to refrain from filing any objection, to any monthly, interim and/or final applications for the interim or final allowance of the following professional fees and expense reimbursements of Rothschild:

| Item | Nature | Agreed Amount | Amount Unpaid to Date |
|------|--------|---------------|------------------------|
| A | Monthly Fees through March 31, 2007 | $2,238,548.39 | $0 |
| B | Reimbursable Expenses Incurred through March 31, 2007 | $386,994.50 | $0 |
| C | Monthly Fees for period April 1, 2007 – June 8, 2007 ($340,000 minus a credit of $95,000 for a prior overpayment) | $245,000.00 | $68,000.00 |
| D | Reimbursable Expenses for period April 1, 2007 – June 8, 2007 | $236,455.45 | $232,259.64 |

3

22578374v2

| Item | Nature | Agreed Amount | Amount Unpaid to Date |
|------|--------|---------------|----------------------|
| E | Reimbursable Expenses for period after June 8, 2007 | $150,000.00 | $150,000.00 |
| F | Net New Indebtedness Fee ($740,000.00 minus credits of $477,782.39) | $262,217.61 | $0 |
| G | Net M&A Fee ($1,500,000 minus credits of $313,991.80) | $1,186,008.20 | $1,186,008.20 |
| Total | | | $1,636,267.84 |

2. Notwithstanding anything to the contrary in the Final DIP Order,[3] the Conditional Waiver and Forbearance Agreement dated as of December 29, 2006, the Second Forbearance Agreement dated as of January 29, 2007 (as amended through May 31, 2007), and the Asset Purchase Agreement as amended through April 5, 2007, New Werner confirms its assumption of the obligation to pay, and undertakes to pay to Rothschild all of the amounts set forth in the "Amount Unpaid to Date" column of the table that appears in paragraph 1 of this Stipulation, to the extent such amounts have not previously been paid. New Werner's obligation to pay such amounts shall constitute a direct obligation of New Werner to Rothschild that will be enforceable directly by Rothschild. New Werner's obligation to pay Rothschild's fees and expenses is not

---

[3] For purposes of this Stipulation, the "Final DIP Order" means that certain Final Order (I) Authorizing Debtors (A) To Obtain Post-Petition Financing Pursuant To 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e), And (B) To Utilize Cash Collateral Pursuant To 11 U.S.C. § 363; (II) Granting Liens, Security Interests And Super-Priority Claims; And (III) Granting Adequate Protection To Pre-Petition Secured Parties Pursuant To 11 U.S.C. § 361, 362, 363 And 364, dated July 25, 2006 (D.I. No. 252).

4

contingent on the allowance of such fees and expenses by the Bankruptcy Court in the

Chapter 11 Cases. New Werner shall pay all of the amounts required under this paragraph

within 15 days of the Court's approval of this Stipulation executed by all of the Parties,

and such payment (together with final court approval and allowance of the amounts

previously paid to Rothschild) shall constitute full and final satisfaction of any and all

obligations of New Werner and of the Debtors and their estates to Rothschild.

3.      Rothschild acknowledges that LLCP seeks to prosecute certain causes of

action that may be held by the Debtors' estates through a trust to be created in connection

with the Revised Second Amended Liquidating Plan Pursuant to Chapter 11 of the United

States Bankruptcy Code Filed by the Official Committee of Unsecured Creditors on

September 14, 2007 (the "Liquidating Plan") (D.I. No. 1773), and that LLCP or another

entity may be authorized to prosecute those causes of action as that trust's designee

("Litigation Designee") or as estate representative.

4.      The Parties agree and acknowledge that it would be contrary to the

settlement that is embodied in this Stipulation for Rothschild to remain subject to any

claims or causes of action of the Parties, and for the Parties to remain subject to any claims

or causes of action of Rothschild, in connection with Rothschild's pre- and post-petition

retention and services except as provided herein, and therefore agree to the following:

(a) each Party, as of the Effective Date, on its own behalf and on behalf of each

its affiliates, successors and assignees, fully and completely releases

Rothschild (and Rothschild's affiliates, subsidiaries, officers, directors,

employees, attorneys, advisors, managers, agents, members, shareholders

and partners (general and limited), if any) from all claims, known or

5

unknown, direct or indirect, arising in any way under, out of or in connection with the Engagement Letter or the financial advisory/investment banking relationship between Rothschild and the Debtors and the Debtors' direct and indirect subsidiaries, including without limitation any such claim alleged to have arisen or accrued prior to or after June 8, 2007. Rothschild agrees that none of the parties or claims or causes of action listed on Exhibit A are released by this paragraph 4(a).

(b) Rothschild, as of the Effective Date, on its own behalf and on behalf of each its affiliates, successors and assignees, fully and completely releases each Party (and each Party's affiliates, subsidiaries, officers, directors, employees, attorneys, advisors, managers, agents, members, shareholders and partners (general and limited), if any) from all claims, known or unknown, direct or indirect, arising in any way under, out of or in connection with (x) the Engagement Letter or the financial advisory/investment banking relationship between Rothschild and the Debtors and the Debtors' direct and indirect subsidiaries, or (y) the Chapter 11 Cases, including without limitation such claims upon the Trust Funding, the Additional Funding, or the Causes of Action as those terms are defined in the Liquidating Plan.

The Parties agree and acknowledge that any and all claims brought to enforce this Stipulation are expressly preserved and are not released pursuant to this paragraph 4.

5.    The Parties agree and acknowledge that it would be contrary to the settlement that is embodied in this Stipulation for Rothschild to assert objections to the

6

Liquidating Plan or to LLCP's reasonable discovery requests made as estate representative and/or Litigation Designee pursuant thereto, or to seek additional fees or expenses pursuant to the Engagement Letter. Therefore Rothschild agrees, upon Court approval of this Stipulation as executed by the Parties, to the following:

(a) <u>Plan Confirmation</u>. Rothschild will waive any objections it may have to the Liquidating Plan (or such other plan of liquidation or reorganization that may be proposed by or on behalf of the Debtors that is not inconsistent with the terms of this Stipulation), and agrees to support any such plan for confirmation purposes.

(b) <u>Discovery</u>. Rothschild will withdraw its Motion for Protective Order and produce native-format copies of all documents in its possession, custody or control that are responsive to the Subpoena, with the exception of such documents protected by the attorney-client privilege or work product doctrine arising from Rothschild's representation by, and/or communications with, its own counsel, *provided, however,* that Rothschild shall not withhold documents based solely on the attorney-client privilege or work product doctrine that the Debtors or their officers and directors would have the right to assert on condition that LLCP as estate representative and/or Litigation Designee waives such privilege or protection against disclosure in writing, *and provided further,* that LLCP as Litigation Designee agrees to pay Rothschild's actual, reasonable costs of producing such documents, in an amount not to exceed $5,000, payable upon Rothschild's certification of completion of its production of

7

documents as provided for herein. Rothschild will produce substantially all of its pre-petition documents responsive to the Subpoena within 5 days of the Court's approval of this Stipulation, and will complete its production in response to the Subpoena (and certify completion of its production of all documents Responsive to the Subpoena) within 60 days thereafter. Rothschild represents that it has not lost custody or destroyed documents responsive to the Subpoena since the Subpoena was issued. Rothschild also will waive any objection to the use by LLCP of any such documents (or to the use of any documents previously produced by Rothschild to LLCP in these Chapter 11 Cases) in LLCP's capacity as estate representative and/or Litigation Designee under the Liquidating Plan, subject to the release of Rothschild set forth in paragraph 4 hereof. Except as provided herein or otherwise agreed, Rothschild and LLCP shall retain all rights and obligations under applicable federal or state law with respect to the prosecution of estate causes of action.[4]

(c) Rothschild's Fees. Rothschild will waive all claims or causes of action for or in respect of any fees, expenses or other losses to which it may be entitled or may in the future become entitled to receive or claim pursuant to the Engagement Letter, and will withdraw all claims filed by Rothschild with Kurtzman Carson Consultants LLC, claims agent to the Debtors, in the

---

[4]   For purposes of this subparagraph, the term "documents" is defined to include the items listed in Federal Rule of Civil Procedure 34(a)(1).

8

Chapter 11 Cases, other than (*x*) those set forth in paragraph 1 of this Stipulation and (*y*) any claims or causes of action to enforce this agreement.

6.    The parties agree that any breach of paragraphs 2, 4 or 5 of this Stipulation are material breaches and justify any counterparty that is adversely affected by such breach to (*a*) withhold its performance under this Stipulation and (*b*) counterclaim in respect of such breach for actual damages as well as for reasonable attorneys fees and other expenses incurred in respect of such breach, which reasonable attorneys fees and other expenses shall be awarded upon a showing that the alleged breach of paragraphs 2, 4 or 5 of this Stipulation actually occurred and was not substantially justified.

7.    This Stipulation is subject to, and the Parties' obligations hereunder are conditioned upon, the approval of the Bankruptcy Court.

8.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation, the interpretation and enforcement of which shall be governed by New York law, without regard to conflicts of laws principles.

9.    This Stipulation sets forth the full agreement of the Parties and supersedes all prior agreements and discussions regarding its subject matter.  This Stipulation may not be modified except in a writing signed by all Parties and approved by the Bankruptcy Court.

*[Remainder of page left blank by intention]*

9

GREENBERG TRAURIG, LLP

By:_____
    Diane Vuocolo
    2700 Two Commerce Square
    2001 Market Street
    Philadelphia, Pa. 19103
    Tel. 215-988-7803
    Fax. 215-717-5230

POTTER ANDERSON & CORROON LLP

By:_____
    David J. Baldwin (DE Bar No. 1010)
    Gabriel R. MacConaill (DE Bar No. 4734)

Hercules Plaza
1313 North Market Street
Wilmington, Delaware 19801
Tel: 302-984-6000
Fax: 302-658-1192

-and-

GREENBERG TRAURIG, LLP
    Nancy Mitchell
    David W. Baddley
    77 W. Wacker Drive, Suite 2500
    Chicago, Illinois 60601
    Tel: 312-456-8400

-and-

DEBEVOISE & PLIMPTON LLP
    Michael E. Wiles (MW-0962)
    Steve Vaccaro (SV-4644)
    Debevoise & Plimpton LLP
    919 Third Avenue
    New York, New York 10022
    Telephone: (212) 909-6000
    Facsimile: (212) 909-6836

*Attorneys for The Official Committee of
Unsecured Creditors*

*Attorneys for Rothschild Inc.*

10

22578374v2

GREENBERG TRAURIG, LLP

By: _____
Diane Vuocolo
2700 Two Commerce Square
2001 Market Street
Philadelphia, Pa 19103
Tel. 215-988-7803
Fax. 215-717-5230

and

Dennis A. Meloro
Greenberg Traurig
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, Delaware
302-661-7000
and

GREENBERG TRAURIG, LLP
Nancy Mitchell
David W. Baddley
77 W. Wacker Drive, Suite 2500
Chicago, Illinois 60601
Tel. 312-456-8400

*Attorneys for The Official Committee of Unsecured Creditors*

POTTER ANDERSON & CORROON LLP

By: _____
David J. Baldwin (DE Bar No. 1010)
Gabriel R. MacConaill (DE Bar No. 4734)

Hercules Plaza
1313 North Market Street
Wilmington, Delaware 19801
Tel. 302-984-6000
Fax. 302-658-1192

and

DEBEVOISE & PLIMPTON LLP
Michael E. Wiles (MW-0962)
Steve Vaccaro (SV-1644)
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

*Attorneys for Rothschild Inc.*

18

2257837402

REED SMITH LLP

By: _____
    Kurt F. Gwynne
    1201 North Market Street, Suite 1500
    Wilmington, Delaware  19801
    Tel:  302-778-7550
    Fax:  302-778-7575

*Attorneys for LLCP*


YOUNG, CONAWAY STARGATT &
TAYLOR, LLP

By: _____
    Joel A. Waite
    The Brandywine Building
    1000 West Street, 17th Floor
    Wilmington, Delaware  19801
    Tel:  302-571-6688
    Fax:  302-576-3342

*Attorneys for the Debtors*


SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP

By: _____
    Patrick J. Nash, Jr.
    333 West Wacker Dr., Suite 210
    Chicago, Illinois  60606
    Tel:  312-407-0814
    Fax:  312-407-8597

*Attorneys for New Werner Holding Co., Inc.*


11

REED SMITH LLP

By:_____
    Kurt F. Gwynne
    1201 North Market Street, Suite 1500
    Wilmington, Delaware  19801
    Tel: 302-778-7550
    Fax: 302-778-7575

*Attorneys for LLCP*


YOUNG, CONAWAY STARGATT &
TAYLOR, LLP

By:_____
    Joel A. Waite
    The Brandywine Building
    1000 West Street, 17th Floor
    Wilmington, Delaware  19801
    Tel: 302-571-6688
    Fax: 302-576-3342

*Attorneys for the Debtors*


SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP

By:_____
    Patrick J. Nash, Jr.
    333 West Wacker Dr., Suite 210
    Chicago, Illinois  60606
    Tel: 312-407-0814
    Fax: 312-407-8597

*Attorneys for New Werner Holding Co., Inc.*

11

22578374v2

REED SMITH LLP

By:_____
    Kurt F. Gwynne
    1201 North Market Street, Suite 1500
    Wilmington, Delaware  19801
    Tel:  302-778-7550
    Fax:  302-778-7575

*Attorneys for LLCP*


SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP

By:_____
    Patrick J. Nash, Jr.
    333 West Wacker Dr., Suite 210
    Chicago, Illinois  60606
    Tel:  312-407-0814
    Fax:  312-407-8597

*Attorneys for New Werner Holding Co., Inc.*


YOUNG, CONAWAY STARGATT &
TAYLOR, LLP

By:_____
    Joel A. Waite
    The Brandywine Building
    1000 West Street, 17th Floor
    Wilmington, Delaware  19801
    Tel:  302-571-6688
    Fax:  302-576-3342

*Attorneys for the Debtors*


11

## CERTIFICATE OF SERVICE

I, David J. Baldwin, hereby certify that I am not less than 18 years of age and that on this 19th day of October, 2007, I caused a true and correct copy of the within Certification of Counsel Regarding Stipulation and Order Resolving Objections, Claims or Causes of Action Against Rothschild Inc. to be served on the following parties in the manner indicated below:

**BY E-MAIL & FIRST-CLASS MAIL**
(Ad Hoc Committee of Noteholders)
Richard F. Casher, Esquire
Athena F. Foley, Esquire
Kasowitz Benson Torres & Friedman LLP
1633 Broadway
New York, NY 10019-6799
E-mail: rcasher@kasowitz.com

**BY E-MAIL & FIRST-CLASS MAIL**
(JPMorgan Chase Bank, NA, administrative
  agent)
Steven M. Fuhrman, Esquire
Robert H. Trust, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3945
E-mail: sfuhrman@stblaw.com
        rtrust@stblaw.com

**BY E-MAIL & HAND DELIVERY**
Victoria W. Counihan, Esq.
Monica L. Loftin, Esq.
Dennis A. Meloro, Esq.
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
E-mail: counihanv@gtlaw.com

**BY E-MAIL & FIRST-CLASS MAIL**
Nancy A. Mitchell, Esq.
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL 60601
E-mail: mitchelln@gtlaw.com

**FIRST-CLASS MAIL**
(Ad Hoc Committee of Holders of 2nd Lien
Claims under the $1000,000,000 Senior
Secured Credit Facility) & Credit Suisse,
Cayman Islands Branch, the Administrative
Agent under such credit agrmt.)
Robert Jay Moore, Esquire
Fred Neufeld, Esquire
Milbank Tweed Hadley & McCloy LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, CA 90017

**BY E-MAIL & FIRST-CLASS MAIL**
(Debtors)
Matthew A. Feldman, Esquire
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
E-mail: mfeldman@willkie.com

**BY E-MAIL & HAND DELIVERY**
Office of the United States Trustee)
Mark S. Kenney, Esquire
Office of the United States Trustee
844 King Street, Suite 2313
Lock Box 35
Wilmington, DE 19801
E-mail: mark.kenney@usdoj.gov

**BY E-MAIL & FIRST CLASS MAIL**
(Lenders - Black Diamond Commercial
  Finance LLC)
Timothy R. Pohl, Esquire
Patrick J. Nash, Jr.
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606
E-mail: tpohl@skadden.com

**BY E-MAIL & HAND DELIVERY**
(JPMorgan Chase Bank, NA, administrative
 agent)
Mark D. Collins, Esquire
Richards Layton & Finger
One Rodney Square
PO Box 551
Wilmington, DE 19899
E-mail: collins@rlf.com

**BY FIRST-CLASS MAIL**
(Committee of Unsecured Creditors)
Diane Vuocolo
Greenberg Traurig LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

**BY FIRST-CLASS MAIL**
(Debtors)
Attn: Eric Werner and Larry V. Friend
Werner Holding Co. (DE), Inc.
93 Werner Road
Greenville, PA 16125-9499

**BY E-MAIL & HAND DELIVERY**
Robert S. Brady, Esquire
Joel A. Waite, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
E-mail: rbrady@ycst.com
        jwaite@ycst.com

**BY E-MAIL & HAND DELIVERY**
(Levine Leichtman Capital Partners, III,
 L.P.)
Kurt F. Gwynn, Esquire
J. Cory Falgowski, Esquire
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
E-mail: jfalgowski@reedsmith.com
        kgwynne@reedsmith.com

**BY E-MAIL & FIRST-CLASS MAIL**
(Levine Leichtman Capital Partners, III,
 L.P.)
Jeffrey M. Reisner, Esquire
Irell & Manella LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
E-mail: jreisner@irell.com

**BY E-MAIL & FIRST-CLASS MAIL**
(Fee Auditor)
Warren H. Smith
Warren H. Smith & Associates, Inc.
325 N. St. Paul, Suite 1275
Dallas, TX 75201
E-mail: whsmith@whsmithlaw.com

David J. Baldwin

826643

22580100v2