# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) Case No. 06-10578 (BLS) <br> ) (Jointly Administered) |
| OLD LADDER CO. (DE), INC. <br> f/k/a WERNER HOLDING CO. (DE), INC., et al., | ) <br> ) <br> ) |
| Debtors. | ) <br> ) |

## FINAL REPORT PURSUANT TO LOCAL RULE 3022-1(c)

Charles A. Stanziale, Jr. as Liquidating Trustee in the above-captioned chapter 11 cases, (the "Liquidating Trustee") submits this final report (the "Final Report") in accordance with Rule 3022-1(c) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") in support of the *Motion of the Liquidating Trustee for Order and Final Decree Closing these Chapter 11 Cases* [Docket No. 3378] (the "Motion"). The following information is true and correct, to the best of the Liquidating Trustee's knowledge, information and belief:

### Fees and Expenses

1. To date, the quarterly fees due under 28 U.S.C. § 1930 totaling $211,753.44 have been paid to the Office of the United States Trustee – Region 3 (the "United States Trustee") on account of these chapter 11 cases. The Liquidating Trustee has paid and/or will pay any remaining fees owed to the United States Trustee through the date of entry of a final decree.

2. From the date on which the Debtors filed these chapter 11 cases, the Debtors paid $15,666,822.62 in fees and expenses to the retained professionals that provided services through and including the Effective Date.

**The Plan and Confirmation Order**

3. On October 25, 2007, the Court entered the *Order Confirming Revised Second Amended Liquidating Plan Pursuant to Chapter 11 of the United States Bankruptcy Code* (the "Plan") *Filed by the Official Committee of Unsecured Creditors* [Docket No. 1959] (the "Confirmation Order"). The Plan went effective on October 31, 2007 (the "Effective Date").

**Distributions**

4. The distributions made, or to be made, under the Plan are listed below.[1]

| Class | Type of Claim or Interest | Distribution |
|---|---|---|
| n/a | Wind-Down Administrative Claims | Each Holder of an Allowed Wind-Down Administrative Claim shall be paid, up to the aggregate amount set forth in the Budget for such Claim: (a) first, Cash from the Buyer, on behalf of the Debtors, from the Wind-Down Amount, and (b) second, to the extent there are insufficient funds in the Wind-Down Amount to pay such Claim in full, Cash from the Milk Street Additional Funding until such Claim, up to the aggregate amount set forth in the Budget for such Claim, is paid in full, subject to the provisions of the Additional Funding Stipulation. |
| n/a | Non-Wind-Down Administrative Claims and the Jefferies and Rothschild Transaction Fees | Each Holder of an Allowed Non-Wind-Down Administrative Claim shall be paid Cash, as soon as is practicable after the Effective Date, from the proceeds of the Liquidation Trust Assets, prior to any distribution of such proceeds on account of the Allowed Class 3 Claim, Priority Tax Claims and Other Priority Claims, but subject to (i) payment of the Liquidation Trust expenses, (ii) reserves for future Liquidation Trust expenses, and (iii) repayment obligations of the Liquidation Trust for Trust Funding.<br><br>Any Allowed Claim based on the Jefferies Transaction Fees shall either (i) receive Cash from the Liquidation Trust Assets on a first priority basis from the sharing distributions made to the Holders of Allowed Class 4 Claims from the Cash distributions made on account of |

---

[1] The information provided in the following table is intended only as a summary description of the distributions required by, and made under, or to be made under, the Plan. Any unintended conflict between this summary and the Plan shall not be construed as a modification of the Plan. Parties should refer to the Plan for detailed descriptions of the distributions thereunder.

| Class | Type of Claim or Interest | Distribution |
|---|---|---|
| | | the Allowed LLCP Second Lien Claim, or (ii) be treated as otherwise agreed by the Holder of such Claim, the Proponent and the LLCP Entities.<br><br>Any Allowed Claim based on the Rothschild Transaction Fees shall either: (i) be released and discharged against the Debtors, their property, the Wind-Down Amount and the Liquidation Trust Assets in exchange for a release from the Debtors, the Liquidation Trust and the LLCP Entities, from any and all claims, Causes of Action and liabilities, for any act or omission relating in any way, directly or indirectly, to the Debtors or the Chapter 11 Cases and such other consideration to which the parties agree, or (ii) be treated as otherwise agreed by the Holder of such Claim, the Proponent and the LLCP Entities. |
| n/a | Assumed and Other Administrative Claims | Any Administrative Claim, including a Professional Fee Claim, that is an Assumed Liability under Section 2.3 of the Asset Purchase Agreement shall be paid solely by the Buyer in accordance with the Asset Purchase Agreement and Sale Order without any reduction of the Wind-Down Amount and the Estates shall have no liability therefor; and further *provided*, that notwithstanding the foregoing provision, (a) any Allowed Administrative Claim of the Second Lien Lenders (but not including the LLCP Second Lien Claim) shall have been paid by the Debtors solely from the Second Lien Payment component of the Cash Consideration without any reduction of the Wind-Down Amount, and (b) any Allowed Administrative Claim arising from the collateralization of any outstanding letters of credit shall have been paid by the Debtors solely from the Letter of Credit Amount component of the Cash Consideration without any reduction of the Wind-Down Amount. |
| n/a | Priority Tax Claims | Except as otherwise set forth in the Plan and the Liquidation Trust Agreement, each Holder of an Allowed Priority Tax Claim shall receive Cash payments, from the proceeds of the Liquidation Trust Assets, in regular installments after payment of Allowed Non-Wind-Down Administrative Claims and Allowed Other Priority Claims and ending no later than five (5) years after the Petition Date, of a total value, as of the Effective Date, equal to the amount of such Allowed Priority Tax Claim. Notwithstanding the foregoing, any Priority Tax Claim |

| Class | Type of Claim or Interest | Distribution |
|---|---|---|
| | | that is an Assumed Liability under Section 2.3 or 8.1(b) of the Asset Purchase Agreement shall be paid solely by the Buyer in accordance with the Asset Purchase Agreement and Sale Order without any reduction of the Wind-Down Amount and the Estates shall have no liability therefor. |
| | | |
| 1 | Other Priority Claims | Except as otherwise set forth in the Plan and the Liquidation Trust Agreement, each Holder of an Allowed Other Priority Claim shall receive deferred Cash payments from the proceeds of the Liquidation Trust Assets, after payment of Allowed Non-Wind-Down Administrative Claims, of a value, as of the Effective Date, equal to the Allowed amount of such Claim. |
| 2 | Other Secured Claims | The Plan will not alter any of the legal, equitable and contractual rights of the Holders of Class 2 Claims. Unless otherwise agreed to by the Holder of an Allowed Class 2 Claim and the Proponent, each Holder of an Allowed Class 2 Claim shall receive, in full and final satisfaction of such Allowed Class 2 Claim, one of the following treatments, in the sole discretion of the Proponent:<br><br>- the payment of the sale or disposition proceeds of the collateral securing each such Allowed Class 2 Claim to the extent of the value of the Holder's interest in such property;<br><br>- the surrender to each Holder of all collateral securing each such Allowed Class 2 Claim without representation or warranty by or further recourse against the relevant Debtor or the Liquidation Trust; or<br><br>- treatment in any other manner so as to render the Allowed Class 2 Claim otherwise Unimpaired. |
| 3 | LLCP Second Lien Claim | The Class 3 Claim is deemed Allowed under the Plan. The Holders of the Allowed Class 3 Claim shall receive, in full and final satisfaction of such Allowed Class 3 Claim, distributions from the proceeds of the Liquidation Trust Assets after payment of the Allowed Non-Wind-Down Administrative Claims, Class 1 Claims and |

| Class | Type of Claim or Interest | Distribution |
|---|---|---|
| | | Priority Tax Claims, to be shared with the Holders of Allowed General Unsecured Claims other than the LLCP Unsecured Claim, as set forth in the Liquidation Trust Agreement. |
| 4 | General Unsecured Claims | Holders of Allowed Class 4 Claims shall receive, in full and final satisfaction of their Allowed Class 4 Claims, (i) after payment of the Allowed Jefferies Transaction Fees, distributions from the proceeds of the Liquidation Trust Assets, to be shared with the Holders of the Allowed Class 3 Claim, as set forth in the Liquidation Trust Agreement, *provided*, *however*, that there shall be no distribution accruing or made on account of the LLCP Unsecured Claim until the LLCP Second Lien Claim is paid in full in Cash, and (ii) all other distributions from the proceeds of the Liquidation Trust Assets after the Allowed Class 3 Claim has been paid in full. |
| 5 | Equity Interests | On the Effective Date, Class 5 Equity Interests will be cancelled and the Holders thereof will receive no distribution on account of their Interests. |

5.  Any distributions required to date under the Plan have been made or will be made in the ordinary course, as applicable.

6.  All matters to be completed upon the Effective Date of the Plan have been fulfilled or completed.

7.  There is no pending adversary proceeding, contested matter, or other proceeding in these chapter 11 cases that would affect the substantial consummation of the cases.

Dated: August 2, 2021

*Charles A. Stanziale, Jr.*
Charles A. Stanziale, Jr.
Liquidating Trustee